1    Jeffrey M. Lenkov, Esq. (State Bar No. 156478)
     jml@mmker.com
2    Jami I. Copeland, Esq. (State Bar No. 199538)
     jic@mmker.com
3    **MANNING & MARDER**
     **KASS, ELLROD, RAMIREZ** LLP
4    15th Floor at 801 Tower
     801 South Figueroa Street
5    Los Angeles, CA 90017
     Telephone: (213) 624-6900
6    Facsimile:  (213) 624-6999

7    Attorneys for Defendants, BATH & BODY WORKS, LLC and
     LIMITED BRANDS STORE OPERATIONS, INC.

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCZI GREENWOOD-SKUFCA,    ) | **Case No.:  SACV10-00326** |
|             Plaintiff,    ) | **DEFENDANT LIMITED BRANDS** |
| vs.    ) | **STORE OPERATIONS, INC.'S** |
|    ) | **ANSWER TO PLAINTIFF NANCZI** |
| AJR PRODUCTIONS, INC.; RAR    ) | **GREENWOOD-SKUFCA'S** |
| BEAUTY, LLC; BATH & BODY    ) | **COMPLAINT** |
| WORKS, LLC; LIMITED BRANDS    ) | |
| STORE OPERATIONS, INC.;  and    ) | *Complaint Filed:* 02/18/2010 |
| DOES 1 - 50,    ) | |
|    ) | |
|             Defendants.    ) | |

G:\docsdata\JML\Skufca-Greenwood v. Bath & Body Works\Pldgs\Federal Court Answer of Limited Brands.wpd

DEFENDANT LIMITED BRANDS STORE OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LIMITED BRANDS STORE OPERATIONS, INC. ("Defendant"), hereby answers Plaintiff NANCZI GREENWOOD-SKUFCA'S ("Plaintiff") Complaint on file herein, admitting denying and alleging as follows:

## ANSWER TO PRELIMINARY ALLEGATIONS

1.    Answering Paragraph 1, Defendant admits that Plaintiff is, and at all times alleged in the Complaint, an individual residing in the State of California.

2.    Answering Paragraph 2, Defendant admits that Defendant AJR PRODUCTIONS, INC. ("AJR") is, a Florida Corporation organized and existing under the laws of the State of Florida and has its headquarters and principal place of business located in the City of Miami in the State of Florida.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and all allegations contained therein for lack of information and belief.

3.    Answering Paragraphs 3, Defendant admits that Defendant RAR BEAUTY LLC ("RAR") is a Limited Liability Company organized and existing under the laws of the State of Florida and has its principal place of business in the City of Aventura in the State of Florida.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and all allegations contained therein for lack of information and belief.

4.    Answering Paragraph 4, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 4, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 4.

5.    Answering Paragraph 5, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 5, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 5.

6.    Answering Paragraph 6, Defendant admits that Defendant BATH AND

BODY WORKS, LLC ("BBW, LLC") is a Delaware corporation with its headquarters and principal place of business located in the City of Columbus in the State of Ohio.  Defendant also admits that BBW, LLC is qualified to business in the State of California.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and all allegations contained therein for lack of information and belief.

7.     Answering Paragraph 7, Defendant admits that it is a Delaware Corporation with its principal place of business in Columbus, Ohio.  Defendant also admits that it is qualified to do business in the State of California.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and all allegations contained therein for lack of information and belief.

8.     Answering Paragraph 8, Defendant admits that BBW, LLC is a retail store engaged in the business of selling products to the public.  Except as hereinbefore expressly admitted, Defendant denies, generally and specifically, each and all allegations contained therein for lack of information and belief.

9.     Answering Paragraph 9, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 9, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 9.

10.     Answering Paragraph 10, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 10, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 10.

11.     Answering Paragraph 11, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 11, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 11.

12. Answering Paragraph 12, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 12, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 12.

## ANSWER TO GENERAL ALLEGATIONS

13. Answering Paragraph 13, Defendant hereby realleges and incorporates by reference its answers to paragraphs 1 through 12 as set forth above.

14. Answering Paragraph 14, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 14, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 14.

15. Answering Paragraph 15, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 15, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 15.

16. Answering Paragraph 16, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 16, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 16.

17. Answering Paragraph 17, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 17, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 18, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 18.

19.     Answering Paragraph 19, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 19, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 19.

20.     Answering Paragraph 20, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 20, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 20.

21.     Answering Paragraph 21, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 21, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 21.

22.     Answering Paragraph 22, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 22, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 22.

23.     Answering Paragraph 23, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 23, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 23.

24.     Answering Paragraph 24, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 24, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 24.

25.     Defendant denies, generally and specifically, that it knew that the CLEANSER was allegedly defective and dangerous. Except for those allegations that are specifically and general denied above, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations of Paragraph 25, and basing its

answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 25.

26.     Defendant denies, generally and specifically, that it is guilty of malice, oppression, and fraud, and that Plaintiff is entitled to the recovery of exemplary and/or punitive damages.  Except for those allegations that are specifically and general denied above, Defendant lacks sufficient information or belief to enable it to answer the remaining allegations of Paragraph 26, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 26.

## ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF FOR NEGLIGENCE

27.     Answering Paragraph 27, Defendant hereby realleges and incorporates by reference its answers to paragraphs 1 through 26 as set forth above.

28.     Answering Paragraph 28, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 28, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 28.

29.     Answering Paragraph 29, Defendant denies, generally and specifically that it breached any duty of care owed to Plaintiff.

30.     Answering Paragraph 30, Defendant denies, generally and specifically that Plaintiff was injured as a proximate result of any acts and/or omissions of Defendant.  Defendant lacks sufficient information or belief to enable it to answer the remaining allegations of Paragraph 30, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 30.

///

///

## ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR STRICT PRODUCTS LIABILITY

31.    Answering Paragraph 31, Defendant hereby realleges and incorporates by reference its answers to paragraphs 1 through 30 as set forth above.

32.    Answering Paragraph 32, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 32, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 32.

33.    Answering Paragraph 33, Defendant lacks sufficient information or belief to enable it to answer the allegations of Paragraph 33, and basing its answer on such lack of information and belief, Defendant denies, generally and specifically, each and all of the allegations contained in Paragraph 33.

## PRAYER

34.    Answering Plaintiff's prayer for judgment, Defendant denies that Plaintiff is entitled to recovery of any damages, including general or special damages, punitive and/or exemplary damages and/or statutory damages.  Defendant denies any remaining allegations for lack of information and belief.

## AFFIRMATIVE DEFENSES

35.    As separate and affirmative defenses, Defendant alleges as follows:

## FIRST SEPARATE DEFENSE

36.     This answering Defendant alleges that the Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

37.    This answering Defendant alleges that if plaintiff suffered any injuries

or damages, plaintiff's negligence or culpable conduct proximately caused those injuries or damages.

### THIRD AFFIRMATIVE DEFENSE

38.     This answering Defendant alleges that if plaintiff suffered any injuries or damages, those injuries or damages were proximately caused or contributed to by the negligence or otherwise culpable conduct of individuals or entities other than this answering Defendant and this answering Defendant is entitled to indemnification or contribution from these other individuals or entities.

### FOURTH AFFIRMATIVE DEFENSE

39.     This answering Defendant alleges that plaintiff was capable of and failed to mitigate their damages, if any exist.

### FIFTH AFFIRMATIVE DEFENSE

40.     The Complaint, and each and every cause of action therein, is barred by each and every applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

41.     This answering Defendant is informed and believe, and thereupon alleges, that at the time and place in question, plaintiffs had full knowledge of the conditions existing, and fully appreciate the danger thereof.  Plaintiff voluntarily assumed the risk of her own actions and omissions, and of the incident alleged in the Complaint and their assumption of the risk was the proximate cause of their alleged injury and damages, if any, thereby barring recovery from this answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

42.     This answering Defendant is informed and believes and thereon alleges that plaintiff engaged in conduct and activities with respect to the subject of this Complaint and, by reason of said activities and conduct, are estopped from asserting any claims for damages or seeking any other relief against this answering Defendant.

G:\docsdata\JML\Skufca-Greenwood v. Bath & Body Works\Pldgs\Federal Court Answer of Limited Brands.wpd

DEFENDANT LIMITED BRANDS STORE OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

43.     This answering Defendant is informed and believes and thereon alleges that plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

44.     This answering Defendant is informed and believes and thereon alleges, that the injuries and damages of which the plaintiff complains was proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons and/or other entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the plaintiff complains, thus barring plaintiff from any recovery against this answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

45.     This answering Defendant is informed and believes and thereupon alleges that the plaintiff waited an unreasonable period of time before asserting their claim, and therefore, any and all claims raised in the Complaint are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

46.     This answering Defendant is informed and believes and thereupon alleges that the plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested.

## TWELFTH AFFIRMATIVE DEFENSE

47.     The conduct of this answering Defendant in regard to the matters alleged in the Complaint was justified, and by reason of the foregoing, plaintiff is barred from any recovery against this answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.     The right of plaintiff to recover herein, if any right exists, is reduced and limited to the percentage of negligence attributable to this answering Defendant

pursuant to section 1431.2 of the California Civil Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

49.　　This answering Defendant presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available.  This answering Defendant reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

## FIFTEENTH AFFIRMATIVE DEFENSE

　　　50.　　This answering Defendant is informed and believes and thereon alleges, that plaintiff's claims for emotional distress as well as other personal injuries are barred, in whole or in part, by the exclusive remedy provision of the Workers' Compensation Act, codified at California Labor Code Section 3200, *et seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

　　　60.　　This answering Defendant is informed and believes and thereon alleges, that the injuries, damages and/or losses, if any, sustained by plaintiff was the result of an

unforeseeable, idiosyncratic reaction, for which this answering Defendant cannot be held liable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

　　　61.　　This answering Defendant is informed and believes and thereon alleges, that if any judgment is rendered in favor of plaintiffs against defendant, said judgment should be reduced by any workers' compensation benefits paid by plaintiff's former or current employers in connection with the events set forth in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

62.　This answering Defendant is informed and believes and thereon alleges, that to the extent, if any, that defendant supplied any chemical or product which plaintiffs alleged to have caused injury and, without admitting in any manner that it

did so, plaintiff and other parties, by their manner and method of use, misused or made unintended use of those chemicals and products and failed to act in accordance with the labels and directions provided with respect to said chemicals and products and plaintiffs, therefore, are barred from recovery of damages from this answering Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

_____63.___This answering Defendant is informed and believes and thereon alleges, that if  plaintiff was injured by any product formulated, manufactured or distributed by this answering Defendant, plaintiff is barred from recovery in this action by reason of the fact that at all relevant times to this action, plaintiff and/or third parties were not using the product(s) for the purpose intended or foreseeable, or in the manner intended or foreseeable.

### TWENTIETH AFFIRMATIVE DEFENSE

64.___This answering Defendant is informed and believes and thereon alleges, that some or all of plaintiff's claims are barred because of the lack of privity between plaintiff's and this answering Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

_____65.___This answering Defendant is informed and believes and thereon alleges, that the design, manufacture, and marketing of the alleged product(s) were in conformity with the "state of the art" existing at the time of such design, manufacture and marketing and that liability (including, but not limited to, strict liability) may not be imposed as to properly manufactured products distributed with information regarding the risks of which the manufacturer knew of at the time of manufacture, and liability may not be imposed for untold risks not known at the time of such design, manufacture and marketing of the product.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

66.     This answering Defendant is informed and believes and thereon alleges, that without this answering Defendant's knowledge, and after any alleged product

DEFENDANT LIMITED BRANDS STORE OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

left the possession and/or control of this answering Defendant, the alleged product was redesigned, modified, altered, incorporated into a finished product, or subjected to treatment that substantially changed its character.  The defect in any alleged product, as alleged in the Complaint, resulted, if at all, from the redesign, modification, alteration, treatment or other change of the product after this answering Defendant relinquished possession and control over any alleged product and not from any act or omission of this answering Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

67.   This answering Defendant is informed and believes and thereon alleges, that it complied with all standards required by Federal law in connection with the formulation, testing and distribution of its product.  Therefore, plaintiff's claims are preempted and barred by the Supremacy clause of the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

68.   This answering Defendant is informed and believes and thereon alleges, that if it provided the products alleged to have been defective, this answering Defendant provided such products to distributors or other intermediaries, who were knowledgeable, informed and sophisticated concerning the use of the products and the alleged risks to the health of the ultimate users, such as plaintiff, from the use of the products.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

69.   As and for a separate affirmative defense, this answering Defendant alleges that if plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was proximately caused and contributed to by persons or entities other than this answering Defendant.  The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault, and the liability of this answering Defendant should be reduced accordingly.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

70. ___This answering Defendant is informed and believes, and thereon alleges, that plaintiff expressly ordered, requested, approved, authorized, participated in and/or ratified the use of the product(s), as well as the actions and transactions relating thereto, and of plaintiffs now complaint. Therefore, plaintiff is precluded from any right to recovery on their Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

71. Because the Complaint is couched in conclusory terms, answering Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**WHEREFORE** Defendant LIMITED BRANDS STORE OPERATIONS, INC., prays that Plaintiff take nothing by this action and that Defendant LIMITED BRANDS STORE OPERATIONS, INC., be awarded costs and all other just relief.

Dated: April 30, 2010

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____s/Jami I. Copeland_____
Jeffrey M. Lenkov, Esq.
Jami I. Copeland, Esq.
Attorneys for Defendant, BATH &
BODY WORK, LLC AND LIMITED
BRANDS STORE OPERATIONS, INC.

DEFENDANT LIMITED BRANDS STORE OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT